UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| GARY DAVID SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 12-73-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Gary David Smith ("Smith" or "the Claimant") and Defendant Carolyn W. Colvin, the Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 12, 13] Smith asserts that the administrative law judge assigned to his case ("ALJ") erred in evaluating the medical source opinions. As a result, he seeks reversal of the ALJ's decision and an award of benefits. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion for summary judgment. The relief sought by Smith will be denied.

**I.**

On April 28, 2010, Smith applied for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). [Tr., pp. 171-172] He alleged a disability beginning February 14, 2010. [Tr., p. 171] The application was denied initially and upon reconsideration. [Tr., pp. 85, 89] Smith, along with his attorney William Grover Arnett and vocational expert ("VE") Anthony Michael, appeared before ALJ Caroline Beers on October 7, 2010, for an administrative hearing. [Tr., p. 46] In a decision dated November 4, 2010, ALJ Beers found that Smith was not disabled under the Act. [Tr., p. 40]

Smith was forty-nine years old at the time of the ALJ's decision. [Tr., p. 38] He is a high school graduate and has previous work experience as a welder and mechanic. [Tr., pp. 55-56, 192] His alleged disability stems from numbness and limited use of his left hand, ulcerative colitis, hypertension, and diabetes. [Tr., p. 190] After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Smith suffers from a combination of severe impairments, including "left status post ORIF four-part intra-articular distal radius fracture, left carpal tunnel syndrome, obesity, and ulcerative colitis." [Tr., p. 31] Notwithstanding these impairments, ALJ Beers found that Smith retained the residual functional capacity ("RFC") to perform a limited range of medium work. [Tr., p. 34] However, because of additional limitations, and after considering the testimony of the VE, the ALJ concluded that Smith could perform all of the requirements of light and sedentary work. [Tr., p. 39] Additionally, she limited Smith to:

occasional use of his left upper extremity in reaching, handling[,] and feeling
(reaching includes overhead and to the left and right, handling is use of the
whole hand to seize, grasp, hold, and turn, and feeling is use of tips of fingers
to feel size, shape temperature[,] and texture

[*Id.*]

Based on the testimony of the VE, the ALJ found that Smith could not perform past
relevant work.  [Tr., p. 38]  However, considering the claimant's age, education, work
experience, and RFC, she found that Smith could perform other jobs, such as room service
clerk, information clerk, and retail order clerk. [Tr., p. 39] And after determining that Smith
could perform other work existing in significant numbers in the national economy, the ALJ
concluded that Smith was not disabled.  As a result of this assessment, Smith was denied a
period of disability and disability insurance benefits.  [*Id.*]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in
'substantial gainful activity' because of a medically determinable physical or mental
impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502
F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made
by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v.
Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. §
404.1520(a)(4)).  If the claimant satisfies the first four steps of the process, the burden shifts
to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336
F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether

-4-

the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

Smith raises several issues in his motion for summary judgment. First, he argues that the ALJ did not properly weigh the opinions of his treating and examining doctors along with the statement of his supervisor, Kenny Hann. Second, Smith claims that the ALJ's erred in her RFC determination. Third, Smith asserts that the ALJ erred in failing to adequately represent Smith's limitations and restrictions in her hypothetical questions to the VE. Fourth, Smith contends that the ALJ should have found Smith disabled under 201.14 of the Medical-

Vocational Guidelines. Fifth, Smith argues that the ALJ erred in her evaluation of Smith's mental condition. The Commissioner contends that the decision denying benefits to Smith is supported by substantial evidence and should be affirmed.

### A.      Weight of the Evidence

As an initial matter, Smith asserts that the ALJ failed to properly evaluate the opinions of physicians Dr. Terry Wright, Dr. Jerry Brackett, and treating physician Dr. Ira Potter. Smith also claims that the ALJ gave improper weight to the opinion of consulting physician Dr. Diodado Irlandez. Specifically, Smith asserts that the ALJ "ignored the disabling RFC's of Drs. Potter, Wright, and Brackett even though the opinions were consistent with each other and also supported the claimant's testimony" and that the ALJ relied upon a "non-examining anesthesiologist" rather than "three treating and/or examining physicians." [Record No. 12, pp. 11-12] Essentially, Smith is arguing that the ALJ misapplied the treating physician rule.

Generally, a treating source's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). The failure to give the treating source's opinion controlling weight does not necessarily mean that the opinion should be rejected. Rather, the ALJ must determine what weight to give to medical opinion by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the

-6-

treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ must always give "good reasons" for accepting or rejecting a medical opinion. 20 C.F.R. § 416.927(c)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Moreover, an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 509 (6th Cir. 2006) (per curiam) (quoting *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)); *see also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs."). The regulations also provide that a physician's opinion regarding whether a claimant is disabled or unable to work will be given no "special significance." 20 C.F.R. §404.1527(d)(1), (3).

### 1.    Dr. Ira Potter

The weight given to Dr. Potter's treatment notes and opinion on September 30, 2010, was proper. Smith has visited treating physician Dr. Potter since May, 2010. On May 20, 2010, Dr. Potter's treatment notes did not diagnose Smith with ulcerative colitis. [Tr., pp. 430-434] Smith also denied having diarrhea during that examination as well as on June 28, 2010 and October 6, 2010, as indicated by Dr. Potter's treatment notes. [Tr., pp. 431, 546, 612] On September 30, 2010, Dr. Potter recommended limitations on Smith's ability to

walk, stand, and sit.  Specifically, this assessment stated that Smith can walk and stand a total of two and half to three hours a day.  [Tr., p. 583]

Smith mischaracterizes the ALJ decision as giving great weight to treating physician Dr. Potter, who declared that Smith was disabled.  [Record No. 12, p. 11]  However, ALJ Beers gave great weight to the treatment notes of Dr. Potter, but no weight to his opinions regarding Smith's limitations made on September 30, 2010. [Tr., p. 37]  The ALJ afforded the treatment notes of Dr. Potter great weight due to the length and frequency of the treatment relationship, finding that Smith had multiple visits to Dr. Potter.  [*Id*.]  The ALJ stated that these "treatment notes provide a contemporaneous description of the claimant's signs and symptoms during the period after his alleged onset date." [*Id*.]  The ALJ found Dr. Potter's assessment regarding Smith's limitations made on September 30, 2010, to be inconsistent with, and contradicted by, other medical and non-medical evidence of record, including Dr. Potter's own treatment notes.

Smith claims that the ALJ gave no explanation of how Dr. Potter's opinion was inconsistent with his treatment notes. [Record No. 12, p. 11]  However, ALJ Beers discussed the treatment notes at length, noting that Smith had no problem with his lower extremities, spine, respiratory system, and gait.  [Tr., p. 37] In contrast, however, Dr. Potter's opinion on September 30, claims that Smith had difficulty sitting and standing.  [Tr., p. 583]  The ALJ also took note of the fact the treatment notes and X-ray report found no acute pathology and only mild osteoarthritis.  [Tr., p. 38]  As noted above, the consistency of the physician's opinion with the record is a proper consideration when weighing a physician's opinion.  20

-8-

C.F.R. § 404.1527(c)(3)(4).   Dr. Potter's determination was that Smith was disabled is

contradicted by his own treatment notes and other objective medical evidence of record.  [Tr.,

pp. 426-438, 540-557, 607-625]  Thus, the ALJ did not err in the weight given to Dr. Potter's

treatment notes and his opinion provided on September 30, 2010.

### 2.    Dr. Jerry Brackett

ALJ Beers gave no weight to the medical opinions of Dr. Brackett.  [Tr., p. 37]  Smith

claims that Dr. Brackett examined Smith and provided an RFC determination.  [Record No.

12, p. 11]  He contends that Dr. Brackett's opinion was consistent with the opinions of Dr.

Potter and Dr. Wright and, therefore, was not given the appropriate weight.  [*Id.*]  Dr.

Brackett stated that Smith could only sit, stand, or walk for two hours a day and that Smith

had chronic and bloody diarrhea.  [Tr., pp. 591-592]  The Commissioner contends that the

ALJ provided sufficient reasons, supported by substantial evidence, to give no weight to Dr.

Brackett's opinion.  [Record No. 13 p. 6]

ALJ Beers afforded proper weight to Dr. Brackett's opinion and this decision was

supported by substantial evidence.  Dr. Brackett only examined Smith once and not as a

treating physician.  Therefore, his opinion in not entitled to any controlling weight or special

consideration.   20 C.F.R. §§ 404.1502, 404.1527(c)(2); *Smith*, 482 F.3d at 876.   Dr.

Brackett's conclusion that Smith is disabled is not a medical opinion; rather it is an opinion

regarding an issue specifically reserved for the ALJ.  20 C.F.R. § 404.1527(d)(1), (3).  Dr.

Brackett's opinion contradicts Smith's long-term treatment notes and the evidentiary record,

undermining its conclusion.  Dr. Brackett limited Smith's ability to walk, sit, and stand.

However, Smith's long-term treatment notes indicate that Smith did not have any restrictions or complaints with his lower body. [Tr., pp. 426-438, 540-557, 607-625]  Dr. Brackett stated that Smith had chronic and bloody diarrhea, contradicting long-term treatment notes in which Smith admitted to having no diarrhea.  [Tr., pp. 431, 546, 591, 612]  Dr. Brackett relied heavily on the subjective complaints of Smith.  [Tr., pp. 591-606]  Subjective complaints are not a valid basis to form a medical opinion.  *Tate v. Comm'r of Soc. Sec.*, 467 F. App'x 431, 433 (6th Cir. 2012)   The ALJ gave Dr. Brackett's opinion proper weight and this decision was supported by substantial evidence.

### 3.   Dr. Terry Wright

ALJ Beers also gave no weight to the opinion of Dr. Wright.  [Tr., p. 37]  The ALJ did not err in making this determination.  Dr. Wright works at the same clinic as Dr. Potter, but only examined Smith once.  [Tr., pp. 586-590, 623-625]  Like Dr. Brackett, Dr. Wright is not a treating physician.  Therefore, his opinion requires no deference or special consideration.  20  C.F.R. §§ 404.1502, 404.1527(c)(2); *Smith*, 482 F.3d at 876.  Like Dr Brackett, Dr Wright's opinion is inconsistent with the long-term treatment notes.  Dr. Wright found that Smith was only able to sit for three hours a day.  [Tr., p. 588]  However, the treatment notes contradict this, indicating that Smith did not have any restrictions or complaints with his lower body.  [Tr., pp. 426-438, 540-557, 607-625]  Dr. Wright stated that Smith needs frequent bathroom breaks because of his diarrhea, even though Smith denies having diarrhea several times in his treatment notes.  [Tr., pp. 431, 546, 612]  His opinion

directly contradicted the long-term medical evidence and was based on a single examination. The ALJ's decision to disregard Dr. Wright's opinion was proper.

### 4.    Dr. Diosdado Irlandez

The ALJ properly afforded great weight to the opinions of the state agency.  Dr. Irlandez examined Smith and opined that Smith was capable of performing medium work. [Tr., p. 37]  Dr. Irlandez also stated that Smith is limited in the left upper extremity to reaching in all directions.  [*Id.*]  First, Smith argues that Dr. Irlandez's opinion was merely affirming the assessment of a decision maker and as such he is not qualified to assess Smith's impairments or restrictions.  [Record No. 12, p. 10]  Second, Smith contends that, as an anesthesiologist, Dr. Irlandez is not qualified to assess Smith's orthopedic, medical, or gastro impairments.  [*Id.*]  Third, Smith contends that the weight given to Dr. Irlandez's opinion is improper because he did not review the entire record.  [*Id.* at pp. 10-11]

Smith claims that because Dr. Irlandez agreed with the decision maker's decision his opinion is not proper.  [Record No. 12, p. 10]  However, Smith cited no authority to support his contention that a State medical agency consultant cannot reach the same decision as a decision maker.  In fact, Dr. Irlandez stated that he considered and reviewed the new evidence in the record.  [Tr., p. 527]  If Smith's argument was the rule then no State medical consultant could ever have the same opinion as a decision maker, even if it were the correct medical determination.

Next, Smith claims that as an anesthesiologist, Dr. Irlandez was not qualified to assess Smith's orthopedic, mental, or gastro impairments.  In fact, Dr. Irlandez made no finding of

Smith's mental impairments in his opinion.  Further, a physician's speciality is but one of several factors that an ALJ may consider when determining the weight to give their opinion. 20 C.F.R. § 404.1527(c)(2)-(6).  ALJ Beers did not state that Dr. Irlandez's specialization was a reason for affording the opinion great weight.  The ALJ stated that the reason for affording Dr. Irlandez great weight was his consistency with the overall medical record.  [Tr., p. 37]  This is a valid reason to afford greater weight to a medical opinion.  20 C.F.R. § 404.1527(c)(4).  The assertion that Dr. Irlandez's specialty precludes his opinion from receiving greater weight is without merit.

Smith next claims that the ALJ should not have given any weight to Dr. Irlandez because he did not review the complete record.  [Record No. 12, p. 10]  Smith asserts that Dr. Irlandez never reviewed the disabling opinions of treating physicians Dr. Potter and Dr. Wright.  As stated above, Dr. Wright only examined Smith once and, therefore, did not develop the frequency required to be classified as a treating physician.  His opinion is no entitled to any special weight or consideration. 20 C.F.R. § 404.1502; *Smith*, 482 F.3d at 876. Dr. Potter's disability determination was validly given no weight because it was not consistent with the overall medical history of Smith.  [Tr., p. 37]  While Dr. Irlandez did not review the entire medical record, that does not automatically bar the ALJ from affording his opinion any weight.  In fact, the regulations and Sixth Circuit case law gives the ALJ a wide range of factors to consider when determining the weight to afford a non-examining physician.  SSR 96-6p; 20 C.F.R § 404.1527(c)(3); (e)(2)(ii); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010); *McClanahan v. Comm'r of Soc. Sec..*, 474 F.3d 830, 839

(6th Cir. 2006).  The ALJ stated that he gave Dr. Irlandez's opinion great weight because of its consistency with the overall medical record and the RFC determination.  [Tr., p. 37]  Dr. Irlandez's opinion was more consistent with the overall medical record than the one-time examinations of other physicians.  These are valid considerations and the ALJ's decision to give Dr. Irlandez's opinion weight was not erroneous.

Smith contends that the ALJ also committed error by only relying upon the opinion of Dr. Irlandez and rejecting the opinions of Dr. Wright, Dr. Potter, and Dr. Brackett when determining Smith's RFC.  [Record No. 12, p. 12]  However, the ALJ considered several other factors when determining Smith's RFC.  As stated previously, ALJ Beers gave great weight to the treatment notes of Dr. Potter because of the length and frequency of treatment. [Tr., p. 37].  ALJ Beers also gave great weight to the treatment notes of Dr. Luis Bolano, Smith's treating orthopedic surgeon, due to his speciality and the length and frequency of his treatment.  [*Id*.]  The ALJ also relied on the credibility of Smith when determining his RFC. [Tr., pp. 36-37]  Smith's suggestion that ALJ Beers relied solely upon the opinion of Dr. Irlandez is without merit.

### 5.    Statement of Former Supervisor Kenny Hann

Smith argues Mr. Hann's statement should be considered by the ALJ and that the ALJ erred because she did not even consider the statement.  [Record No. 12, p. 13]  However, ALJ Beers did consider the statement and stated that she gave little weight to it because it was made prior to Smith's alleged onset date and because the medical evidence of record does not support the supervisor's opinion.  [Tr., p. 38]  While the statement was made after

Smith's alleged onset date, the ALJ also asserted that the statements were not consistent with the overall medical record.

### B.      RFC

Smith alleges that the ALJ did not properly weigh the evidence when determining his RFC.  As discussed above, the ALJ's determination of weight of the evidence was correct. The RFC determination is to be made solely by the ALJ.  20 C.F.R. § 404.1546(c)  In making this determination the ALJ considers the medical evidence, the non-medical evidence and the claimant's credibility, not exclusively the medical evidence.   The Sixth Circuit has determined that "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of the claimant's residual functional capacity."  *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal quotation marks and citation omitted).  "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an [RFC] finding."  *Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 157 (6th Cir.2009)  An ALJ's RFC finding will be upheld when it is supported by substantial evidence.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)

The ALJ's RFC finding is supported by substantial evidence.  ALJ Beers considered the medical opinions of Drs. Bolano, Potter, Irlandez, Brackett, and Wright and gave them the proper weight.  [Tr., pp. 37-38]  ALJ Beers also considered non-medical and credibility evidence when determining his RFC.  [Tr., pp. 36-37]

-14-

The Sixth Circuit has developed a two-prong test to evaluate a claimant's subjective allegations:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531. The ALJ found that while the medically determined impairments could cause the symptoms, Smith's statements as to the intensity, persistence, and limiting effects of the symptoms were not credible. [Tr., p. 36]

When an ALJ determines a claimant's credibility he is entitled to deference, because the ALJ is in a unique position to "observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). In fact, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. However, if the ALJ "rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Brown*, 35 F.3d 1027, 1036 (6th Cir. 1994).

The ALJ considered the inconsistency of Smith's alleged symptoms and his daily activities. Smith claims that he cannot work, but he drives thirty miles every other day, he takes care of his dogs, he does yard work, he mows the grass with a riding lawn mower, and he trims the shrubs. [Tr., p. 36] Smith also testified that he likes to go camping and went

-15-

close in time to his hearing.  [*Id.*]  The ALJ noted inconsistencies in Smith's complaints of diarrhea and the overall medical record and found that this type of activity undermined Smith's claim.  [*Id.*]  ALJ Beers found that Smith's inconsistent statements and behavior undermined his credibility.  The ALJ adequately considered the medical evidence, non-medical and credibility evidence when determining Smith's RFC and the ALJ's decision was supported by substantial evidence.

### C.      VE Hypothetical Questions

Smith argues that ALJ Beers's hypothetical questions to VE Michael failed to present all of the Smith's impairments.  [Record No. 12, pp. 12-13]  VE Michael stated that if Smith could perform light and sedentary work, but if he needed frequent breaks from work due to the frequency of his bowel movements or could only stand or sit for three hours a day all work would be precluded.  [Tr., pp. 58-60]  The Sixth Circuit has held that a hypothetical question posed to a VE "need only reference all of a claimant's limitations, without reference to the claimant's medical conditions."  *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Foster*, 348 F.3d at 356).  The VE's testimony relies on the ALJ's assessment of what the claimant "can or cannot do."  [*Id.*]

Additionally, the ALJ is permitted to rely on the VE's answer to a hypothetical question only to the extent the assumptions included in the hypothetical are supported by substantial evidence.  *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  The VE's answers to these questions are substantial evidence "only if the question accurately portrays [the claimant's] individual physical and mental impairments."  [*Id.*]  VE

Michael indicated that Smith would be unable to perform his work if he required accommodation for frequent bathroom trips and had limitations on standing and sitting. [Tr., p. 39]  Despite the response to these questions, it is the function of the ALJ – not the VE – to assess the credibility of a plaintiff's testimony. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).  As stated previously, the ALJ found that the credibility of Smith's subjective complaints were questionable as was the medical veracity of his alleged symptoms.

The ALJ's questions properly relied on his well-supported assessment of Smith's functional limitations, reliable medical evidence, and her RFC finding.  The ALJ's questions involved her assessment of Smith's RFC and potential occupational capability.  ALJ Beers' conclusion based on the VE's opinions in light of the RFC finding are valid.  Thus, the VE's testimony constitutes substantial evidence supporting the ALJ's finding that Smith is not disabled and could perform work that exists in the national economy.

### D.     Rule 201.14

Smith next claims that because he was forty-nine years and eight months old at the time of the hearing the VE's answer to the second hypothetical should have rendered him disabled under Rule 201.14 of the Medical-Vocational Guidelines.  [Record No. 12, p. 13] He claims that the ALJ committed error by not finding disability and by failing to follow the answer to the second hypothetical.  [*Id*.]

This Rule states that if the claimant is of an advanced age, his education level is high school graduate or more which does no provide entry into skilled work, his past work

experience makes him skilled or semi-skilled but those skills are not transferable, and the maximum sustained work capability is limited to sedentary work then he is disabled.  20 C.F.R. pt. 404, subpt. P, app. 2, table 1, § 201.14.  Smith claims that the second hypothetical is disabling according to these requirements and that the ALJ failed to follow that hypothetical.  More specifically, he claims that in response to the second hypothetical the VE found only sedentary work for Smith.  [Tr., pp. 9, 13]  However, in his response to the second hypothetical VE Michael stated that with the limitations mentioned by the ALJ, Smith would be able to work sedentary and slightly different light level jobs.  [Tr., 74-75]  The VE only excluded certain light level and all medium level work.  The assertion that the second hypothetical limited Smith to sedentary work is incorrect and the record explicitly contradicts such a claim.

Rule 201.14 requires that a person be limited to sedentary work to be qualified as disabled.  Even if Smith qualified under all the other criteria, he would not be considered disabled according to the rule.  The ALJ did not fail to follow the hypothetical as Smith alleges, because the answer did not say what Smith claims it said.  Therefore, the ALJ did not err in her determination of Smith's disability regarding the response to the second hypothetical.

### E.    Smith's Mental Condition

Smith also contends that the ALJ committed error in the evaluation of his mental condition.  [Record No. 12 p. 12]  Smith states that the regulations require that the decision

must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of 20 C.F.R. § 404.1520.

Contrary to this contention, the ALJ did make numerous specific and relevant findings when determining his mental functioning.  For example, the ALJ found that Smith can dress, bathe, shave and feed himself.  [Tr., p. 32]  ALJ Beers found that he dines with people weekly and socializes daily, demonstrating only a mild limitation in social functioning.  [Tr., p. 33]  The ALJ found that Smith has enough concentration to drive and finish chores and conversations he starts.  [*Id.*]  Smith fails to state with any specificity how there findings were deficient or not sufficiently specific.  Smith also makes a cursory mention of 20 C.F.R § 404.1573(c)(1), which discusses work under special conditions, but he does not state how this regulation applies or how the ALJ's ruling was improper under this regulation.

The standard of review for denial of a claim for Social Security examines whether the ALJ's findings are based on substantial evidence.  However, this standard assumes that a claimant has made an argument and identified specific aspects of the ALJ's decision that allegedly lack support in the record.  Where a claimant has not done so, the Sixth Circuit has:

> ...decline[d] to formulate arguments on [claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in [his] brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a

perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." (citation and quotation marks omitted)).

In the present case, Smith simply states the language of 20 C.F.R. §§ 404.1520(a)(e)(4) and 1573(c)(1) does not discuss how either applies to his case, how the ALJ possibly erred under these regulations, and does not make any argument relating to these regulations whatsoever. Because Smith does not specify how the ALJ failed to follow these regulations, the Court is not required to undertake an open-ended review of the entirety of the administrative record. *See Hollon*, 447 F.3d at 491.

## IV.

Substantial evidence supports the ALJ's decision that Plaintiff Gary Smith is not disabled under the relevant provisions of the Social Security Act. And Smith's arguments that the ALJ erred in evaluating the evidence regarding his claims are without merit. Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.    Plaintiff Gary David Smith Motion for Summary Judgment [Record No. 12] is **DENIED**.

2.    Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 13] is **GRANTED**.

3.    The decision of Administrative Law Judge Caroline Beers will be **AFFIRMED** by a separate judgment entered this date.

This 23rd day of September, 2013.



Signed By:

*Danny C. Reeves*

United States District Judge